IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 12-40064-JPG |
| ) | |
| MATTHEW STASZAK, ) | |
| ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT DEFENDANT FROM INTRODUCING IRRELEVANT EVIDENCE OR ARGUMENT OF ALLEGED CONSENT OF THE MINOR OR A THIRD PARTY**

Comes now the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Kit R. Morrissey and Angela Scott, Assistant United States Attorneys for said district, and, in support of its Motion in Limine to Prohibit Defendant from Introducing Irrelevant Evidence or Argument of Alleged Consent of the Minor or a Third Party, states as follows:

I. Introduction

Defendant Staszak is charged with one count of Production of Child Pornography and two counts of Travel with the Intent to Engage in Illicit Sexual Conduct. The victim in the charged offenses, KG, was 15 and 16 during the time the offenses were committed, a minor under federal law. Because KG was a minor at the time of the charged offenses, her "consent" is irrelevant and cannot be a defense to any of the charges. *See United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009) ("Minors lack the capacity to consent, and so sexual contact with a minor is always "without consent." (quoting *Doe v. Smith*, 470 F.3d 331, 345 (7th Cir. 2006)). Similarly, any evidence that a third party "consented" to the commission of the charged offenses is irrelevant and also not a defense to any of the charges. Therefore, the Government respectfully requests that this Honorable Court prohibit the defendant from making statements, presenting evidence, and arguing that the victim or any other person's consent to the commission of the charged offenses is relevant or a

defense in this case.

## Facts Relevant to the Government's Motion

The Government expects the evidence to show that the defendant, Matthew Staszak, began a sexual relationship with the victim, KG, in February 2010, when she was 15 years old and he was 27 years old. Staszak was a Petty Officer, Second Class, in the United States Navy, and worked as a Chaplain's Assistant assigned to a Marine base in Parris Island, South Carolina during the dates charged in the Superseding Indictment. Staszak is from Southern Illinois, and his parents and a grandparent still reside in Southern Illinois. Staszak and KG "met" by communicating on Facebook. In February 2010, KG and her family lived in Tybee Island, Georgia. In early February, KG's mother, AG, drove KG to South Carolina where they met Staszak in person for the first time. AG remained in South Carolina, while Staszak took KG to his home in North Carolina for a period of two to three days. The two engaged in sexual intercourse during her stay at his house. On approximately, February 6, 2010, Staszak returned KG to AG in South Carolina, and the three of them had dinner before KG and AG returned to their home in Tybee Island, Georgia.

On approximately February 12, 2010, KG met Staszak again. This time, Staszak came to Georgia and met KG and her mother approximately mid-way between KG's house and a hotel on an Army base in Savannah, Georgia, where Staszak took KG after picking her up. The two again engaged in sexual intercourse at the Army base hotel. Staszak returned KG to AG the next day.

The relationship between Staszak and KG continued through May 29, 2012, KG's 17th birthday. During this time, besides Georgia, KG lived in various locations, including Southern Illinois, Northern Illinois, and Missouri.[1] Staszak traveled to visit KG where ever she was living,

---

[1] KG's parents' marriage disintegrated while the family was living in Tybee Island, Georgia, to the point that her father left Georgia ahead of KG and AG. KG's parents did not live together thereafter. KG was bounced around between the homes of her parents, grandparents, and friends, to the point that she has been unable to finish high school, despite the fact that her father is a school

and had sex with her when he visited, often taking her to hotels for that purpose.

KG lived in Southern Illinois from approximately late February or early March 2011 until approximately August 8, 2011. During that time, Staszak traveled to Southern Illinois from North or South Carolina to have sex with KG at various locations in Southern Illinois, including motels, Staszak's mother's house, and Staszak's grandmother's house. On March 22, 2011, when KG was 15 years old, the defendant rented a hotel room at the Comfort Suites in Marion, Illinois, where the two had sex. On another occasion, May 29, 2011, KG's 16th birthday, Staszak rented a room at the Drury Inn in Marion, Illinois, where the two again had sexual intercourse. In June or July of 2011, KG and Staszak were at Staszak's grandmother's house when the defendant recorded the two of them having sexual intercourse using his Verizon Droid cellular telephone. Afterward, they watched the recording together; it was 10-15 minutes long. The victim describes the video as "very explicit," stating that "you can see everything." After returning to North or South Carolina, Staszak told KG that he watched the video, but that he was going to delete it before returning to work. On October 29, 2011, Staszak told KG that his Verizon Droid cellular telephone was stolen from his barracks room.

Throughout their relationship, Staszak told KG and AG that he was an Investigator for the Navy, and had the ability to obtain information not available to the public.[2] Staszak obtained KG's phone records on one occasion and interrogated her about them. KG said that Staszak always seemed to "know" what she was doing and who she was seeing, and he obtained information on at least one male friend of hers, including his full name, social security number, and the name of the administrator.

---

[2] An agent is expected to testify that, when he informed KG of Staszak's true Naval assignment to calm her fears about what he would do in response to her reporting the crimes to law enforcement, she was shocked, dismayed and speechless.

hospital in which the male friend had been born. While KG willingly participated in their sexual encounters, when she tried to end the relationship with Staszak, or when she told him that she might tell someone about their relationship, Staszak threatened to "take her mother down," thus threatening her and her family. The threat to "take the mother down" is apparently based on KG's mother's knowledge of their relationship and acquiescence in it. KG <u>believed</u> Staszak would try to "take her mother down" given his purported status of Naval Investigator, and she feared him, and was intimidated by him for this reason.

<u>The Charges</u>

The elements of the offense of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), are:

1. At the time, KG was under the age of 18 years;
2. The defendant, for the purpose of producing a visual depiction of such conduct, employed, used, persuaded, coerced KG to take part in sexually explicit conduct; and
3. The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

7th Cir. Proposed J.I., at 480.

Sexually explicit conduct is defined as "actual or simulated – (1) sexual intercourse . . . ." 7th Cir. Proposed J.I., at 454. A visual depiction "includes undeveloped film and videotape, and date stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means." 7th Cir. Proposed J.I., at 452.

As reflected in the elements of the offense, the focus of the crime is on the defendant's actions, not those of anyone else. Therefore, any statement, argument, evidence or defense that a victim or a third party may have consented to the sexually explicit conduct or the production of the

visual depiction is irrelevant and should be excluded.

In *United States v. Raplinger*, 555 F.3d 687, 689 (8th Cir. 2009), the defendant was charged *inter alia*, with a violation of §2251(a). Prior to trial, the defendant filed a motion for determination of admissibility, pursuant to Federal Rule of Evidence Rule 412(b)(1)(B), of various evidence he intended to introduce at trial to establish that the victim consented to engage in the sexual behavior. *Id.* at 692. The district court held that consent was not a defense to a violation of §2251(a), and excluded the evidence as irrelevant. *Id.* In affirming the district court's decision, the Eighth Circuit Court of Appeals noted, "[b]ecause the district court was correct as a matter of law that consent is not a defense to the crimes charged, it was not an abuse of discretion to exclude the consent evidence." *Id.* The Court of Appeals also affirmed the district court instructing the jury that "'a minor may not legally consent to being sexually exploited,'" stating that the instruction correctly stated the law. *Id.* at 692-693.

Similarly, in *United States v. Griffith*, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y. Sept. 5, 2000), at *18, aff'd on different grounds, 284 F.3d 338 (2d Cir. 2002), the defendant filed a motion for new trial arguing, *inter alia*, that the district court erred when it instructed the jury that consent was not a defense to a violation of §2251(a). The district court denied the motion for new trial, noting:

> Section 2251(a), by its plain terms eliminates consent as a defense. The statute, in relevant part, targets "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor [to participate in the making of a sexually explicit visual depiction.]" Of these six verbs, only 'coerces' involves non-consent; all the others involve varying degrees of consent. Of course, as statutory rape laws prove, most legislatures agree that minors are incapable of "consenting" to sexual intercourse.

*See also United States v. Street*, 531 F.3d 703, 709 (8th Cir. 2008) (upholding jury instruction that stated, "A minor may not legally consent to being sexually exploited. A minor's seemingly voluntary participation in sexually explicit conduct and/or in producing images of such conduct is

5

not a defense to any of the charges in the indictment," as a correct statement of the law where defendant charged with production of child pornography and possession of child pornography).

The same is true in this case. The focus is on the defendant's actions, not the actions of the minor victim. Whether or not the minor willingly engaged in, or consented to, the sexual intercourse and/or videotaping of that sexual intercourse is not relevant to any material issue at trial, is not a defense to this charge, and is, accordingly, inadmissible. Only relevant evidence is admissible at trial; relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Likewise, it necessarily follows that any claim that a third party, such as KG's mother, acquiesced in the relationship is also irrelevant, is not a defense, and, accordingly, inadmissible.

The elements of the offense of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, Section 2423(b), are:

> 1. The Defendant traveled in interstate commerce; and
> 2. The Defendant's purpose in traveling in interstate commerce was to engage in a sexual act with a minor.

7th Cir. Proposed J.I., at 517. Illicit sexual conduct is defined, in relevant part, as "(1) a sexual act with a person under eighteen years of age." 7th Cir. Proposed J.I., at 518. A sexual act is defined as "penetration, however slight of the vulva by the penis . . . ." 7th Cir. Proposed J.I., at 412.

In *United States v. Abad*, 350 F.3d 793, 796 (8th Cir. 2003), the Government appealed a district court's denial of a pretrial release order for the defendant who had been charged with a violation of Title 18, United States Code, §2423(b). The Eighth Circuit Court of Appeals reversed and vacated the release order, finding that the Government met its burden of showing both that the defendant was a danger to the community and a flight risk. *Id.* The Eighth Circuit found that the district court erred in, *inter alia*, "finding that the minor girl's willing participation mitigated the

danger [of the defendant to the community]." *Id.* at 798.  The Eighth Circuit stated:

> *Although the district court recognized the girl's consent was no defense*, the court reasoned the girl's "active participation in" the "offensive sexual conduct over the Internet" did not present "the usual 'poor victim' situation."  *The consent or willing participation of the 13-year old girl is insignificant and hardly relevant.  "[W]hen sexual assaults are committed upon children . . . , consent is not a defense.*  The reason is that the victims in these cases, because of ignorance or deceit, do not understand what is happening to them.  *Therefore, their 'consent' is of no significance."*

*Id.* (quoting *Guarro v. United States*, 237 F.2d 578, 581 (D.C. Cir. 1956) (emphasis added).  In a quote directly relevant to the instant case, the Eighth Circuit, in *Abad*, noted "[t]he law assumes a 26-year old has the maturity and self-control to say 'no' to a willing or even solicitous 13-year old." *Id.*  In this case, the defendant was 27 years old when he traveled to have sex with the victim who was 15 (Count 2) and 16 (Count 3).

This case may also be analogized to cases holding that consent is irrelevant to a charge under §2422(b).[3]  For example, in *United States v. Dhingra*, 371 F.3d 557, 567 (9th Cir. 2004), the Ninth Circuit Court of Appeals upheld a district court's refusal of a jury instruction proposed by the defendant which, in essence, instructed the jury to find the defendant not guilty of a §2422(b) offense if it believed that the lewd and lascivious conduct was the victim's idea.  In doing so, the Ninth Circuit held, "[the defendant's] *"reading of the statute mistakenly changes the focus from the defendant to the victim.  The victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation." Id.* (emphasis added).

Two district courts have held likewise.  *United States v. Garcia*, No. 2:07-cr-00235-LDG-

---

[3] 18 U.S.C. §2422(b) provides, in relevant part, "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so . . ." is guilty of a crime against the United States.

7

PAL, 2010 Westlaw 2757490 (D. Nev. July 12, 2010), held that "*[t]he conduct § 2422(b) 'criminalizes is persuading, inducing, enticing, or coercing illegal sexual activity – actions of the defendant alone.' . . . A victim's willingness to engage in sexual activity is irrelevant, so long as the defendant's actions constitute the act of persuading, inducing, enticing or coercing a minor to engage in criminal sexual activity.*" (citing *Dhingra*, 371 F.3d at 561, 568) (emphasis added).  In *United States v. Griffith*, 2000 WL 125326, at *18, the district court noted that "[t]he Mann Act (18 U.S.C. §§ 2241–3) has never, since its inception, provided for a defense of consent. 'Congress set out in the Mann Act to deal with cases which frequently, if not normally, involve consent and agreement on the part of the woman to the forbidden transportation. In every case in which she is not intimidated or forced into the transportation, the statute necessarily contemplates her acquiescence.'" (quoting *Gebardi v. United States,* 287 U.S. 112, 121 (1932)).

As with the production of child pornography offense charged in Count 1, the focus in the offenses charged in Counts 2 and 3 is on the defendant's conduct, and any apparent willingness on the part of the victim to engage in the illicit sexual conduct is simply not relevant, and is therefore inadmissible.  Likewise, any suggestion, evidence, or argument that a third party acquiesced or facilitated the defendant's conduct is irrelevant and inadmissible.  Such suggestion, evidence, or argument, being irrelevant, would tend to confuse and mislead the jury as well as unnecessarily lengthening the trial.

WHEREFORE, the Government respectfully requests that the Court prohibit the defendant from making statements, presenting evidence, and arguing that the minor victim or a third party consented to the activity alleged in the charged offenses.

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    s/Angela Scott
    KIT R. MORRISSEY or ANGELA SCOTT
    Assistant United States Attorneys
    Nine Executive Drive
    Fairview Heights, IL  62208
    (618) 628-3700
    E-mail:  Kit.Morrissey@usdoj.gov
    E-mail:  Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 12-40064-JPG |
| | ) |
| MATTHEW STASZAK, | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2012, I electronically filed the **GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT DEFENDANT FROM INTRODUCING IRRELEVANT EVIDENCE OF ALLEGED CONSENT OF THE MINOR OR A THIRD PARTY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas Q. Keefe, III, Esq.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

s/Angela Scott
KIT R. MORRISSEY or ANGELA SCOTT
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700
E-mail:  Kit.Morrissey@usdoj.gov
E-mail:  Angela.Scott@usdoj.gov